```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

CHARLES MICHAEL MEYER,         )
                               )
        Plaintiff              )
                               )     No. 3:11-0402
v.                             )     Judge Nixon/Brown
                               )
SMITH & NEPHEW, INC.,          )
                               )
        Defendant              )

**TO:   THE HONORABLE JOHN T. NIXON**

## REPORT AND RECOMMENDATION

This matter was set for oral argument at 10:00 a.m. on September 11, 2012. At the appointed hour counsel for the Plaintiff called in and was available. Counsel for the Defendant did not call in and, accordingly, the Magistrate Judge believes that he has waived his oral argument on the issue.[1]

The Magistrate Judge has carefully considered the briefs of the parties on this matter (Docket Entries 43, 49 and 54).[2] For the reasons stated below the Magistrate Judge recommends that the motion (Docket Entry 43) for fees and expenses be GRANTED in part.

## BACKGROUND

Discovery has not proceeded smoothly in this matter. On January 19, 2012 (Docket Entry 15), the Magistrate Judge, following

---

[1] The Magistrate Judge has now been advised counsel for the Defendant did not put the matter on his calendar and was out of contact with his office when the Magistrate Judge's office tried to reach him.

[2] The Magistrate Judge notes that throughout the pleadings Defendant's counsel uses the title "Magistrate." Since 1991 the title has been "Magistrate Judge" (28 U.S.C. § 631). If counsel wishes to shorten the title it is normally shortened to "Judge." One does not refer to a Bankruptcy Judge as "Bankruptcy" nor if one were in the military would one refer to a Lt. Colonel as "Lieutenant."

a telephone conference, directed the parties to schedule necessary Rule 30(b)(6) depositions on or before March 15, 2012. The deposition did not occur within the time allotted and the Plaintiff filed a motion for default judgment or striking of the Defendant's defense (Docket Entry 16). The Magistrate Judge initially denied this motion on the grounds that the parties have not conducted a telephone conference with him about the matter, but did note that the motion raised serious concerns. The Magistrate Judge set a telephone conference to discuss the matter (Docket Entry 18). Defendant was specifically cautioned that if the allegations in the motion for sanctions (Docket Entry 16) were accurate and there was no satisfactory explanation, sanctions would be considered. Both sides briefed and perhaps over-briefed the issue (Docket Entries 20, 21, and 22).

In granting a motion for leave to file a reply the Magistrate Judge specifically noted his concern over the tone of the pleadings and pointed out his concern that the Defendant's explanation was somewhat wide of the mark and that the Defendant had not properly secured and prepared a Rule 30(b)(6) witness.

Following additional telephone conferences the Magistrate Judge granted sanctions on March 28, 2012 (Docket Entry 25). The Magistrate Judge specifically found that the Defendant had not complied with the Magistrate Judge's earlier order of Docket Entry 15, concerning the Rule 30(b)(6) deposition. The Magistrate Judge awarded as a sanction reasonable attorneys' fees and costs for preparing a motion for sanctions and reply (Docket Entries 16 and 24), as well as providing that the Defendant will bear the costs

2

for the Rule 30(b)(6) deposition of the Defendant. There was no appeal of this order. Subsequently, the Plaintiff filed the present motion for attorneys' fees and and expenses (Docket Entry 43). Defendant filed a response in opposition to the motion for attorneys' fees (Docket Entry 49), and Plaintiff filed a reply (Docket Entry 53). In addition, as noted above, the Magistrate Judge scheduled the matter for oral argument (Docket Entry 72).

The motion for sanctions was referred by Judge Nixon to the undersigned for a report and recommendation (Docket Entry 56).[3]

Unfortunately, the Defendant in this case has had other difficulties in complying with discovery requirements (*see* Docket Entries 86 and 87). However, they are not part of this report.

## LEGAL DISCUSSION

As an initial matter the Magistrate Judge finds that the hourly rates requested by Plaintiff for lead counsel and associate counsel are reasonable. They are supported by affidavit and in the Magistrate Judge's view are appropriate for the Nashville area. The objections to the hourly rates by the Defendant is not supported by affidavit and many of the cases cited are several years old.

The case law in this matter is rather straightforward. Plaintiff's counsel is entitled to a reasonable hourly rate multiplied by the number of hours reasonably spent on the matter. *Jordan v. City of Cleveland*, 464 F.3d 584 (6th Cir. 2006). Both

---

[3]In view of Judge Nixon's order, the Magistrate Judge has prepared a report and recommendation rather than simply deciding this with an order.

sides spent a lot of time arguing horn book law. The critical issue is an analysis of what constitutes reasonable time spent on this matter.

Plaintiff's counsel has claimed a total of 42.25 hours in connection with the sanctions motion itself for a total of $11,112.50. After due consideration the Magistrate Judge will reduce this amount by eliminating the $750 claimed for February 14, 2012, (Docket Entry 43-2, p. 6). The Magistrate Judge will further reduce the amount claimed for the preparation of the motion and for the reply by a total of $2,500. *See Coulter v. Tennessee*, 805 F.2d 146 (6th Cir. 1986). The Magistrate Judge believes that this matter was over-briefed. The claim for $11,112.50 is therefore reduced by a total of $3,250 for a new total of $7,862.50.

The Plaintiff has claimed a total for fees and expenses of taking the Rule 30(b)(6) deposition of $13,974.55. The Magistrate Judge had previously awarded the costs of the actual taking of the Rule 30(b)(6) of the Defendant to include reasonable attorneys' and court reporter's fees (Docket Entry 25).

The Magistrate Judge has reviewed the time and expenses claimed by Plaintiff's counsel in preparing for and taking the deposition of the Rule 30(b)(6) witness for reasonableness. Although the Defendant contends that the preparation time is excessive there is no real argument as to why preparation for the deposition of the major Rule 30(b)(6) witness would only need six hours. If Plaintiff's counsel had limited their preparation to six hours they might well have been guilty of malpractice. However, the Magistrate Judge believes that the amount of time claimed for

4

preparing the memorandum in support of the motion for award of attorneys' fees and expenses must be limited. The applications in themselves should not become a separate profit center or a litigation side issue. *See Coulter v. Tennessee*, 805 F.2d 146 (6th Cir. 1986).

Accordingly, the Magistrate Judge will limit the expenses claimed for the preparation of the motion for award of attorneys' fees for the period May 22 through May 23, 2012, to $1,000. This will reduce the total claim for the Rule 30(b)(6) deposition from $13,974.55 to $12,974.55. The total award recommended is therefore $20,837.05.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that sanctions be imposed in the amount of $20,837.05.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 13th day of September, 2012.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge